UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CITYR GROUP HOLDINGS LLC, *et al.*,

                    Plaintiffs,

-v-

FORESITE REALTY MANAGEMENT, LLC., *et al.*,

                    Defendants.

No. 17-cv-7850 (RJS)
<u>OPINION & ORDER</u>

RICHARD J. SULLIVAN, Circuit Judge:

    Plaintiffs, a group of real estate investment companies, bring this breach of contract action in connection with Defendants' alleged mismanagement of several of Plaintiffs' investment properties. (*See* Doc. No. 29 ("SAC").) Now before the Court is Defendants' motion for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, that motion is construed as a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and is GRANTED in part and DENIED in part.

I. BACKGROUND[1]

A. Facts

    CityR Group Holdings ("CityR Holdings") is a New Jersey limited liability company that operates as a real estate investment firm predominantly focused on investments in multi-family apartment buildings across the United States. (SAC ¶¶ 2–3.) As part of its operations, CityR

---

[1] The facts set forth in this opinion and order are taken from the SAC (Doc. No. 29) and documents incorporated therein by reference. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The Court has also considered Defendants' memorandum of law in support of their motion for judgment on the pleadings (Doc. No. 34 ("Mem.")), Plaintiffs' brief in opposition (Doc. No. 39 ("Opp'n")), Defendants' reply in support of their motion (Doc. No. 44 ("Reply")), and all exhibits attached therein.

Holdings formed affiliated companies to own investment property for its clients and to enter into contracts with third-party companies to manage those properties. (*Id.*) Among these affiliated companies are CityR Group at Lexington Park, LLC ("CityR Lexington Park"), CityR Eagle Landing, LLC ("CityR Eagle Landing"), CityR Group Park Place, LLC ("CityR Park Place"), and CityR Group at Chestnut Ridge, LLC ("CityR Chestnut Ridge").[2] (*Id.* ¶¶ 8–11.) CityR Holdings is incorporated in New Jersey, while the other Plaintiffs are incorporated in Delaware. (Doc. No. 12.)

Defendants include Foresite Realty Partners LLC ("Foresite Partners") – which provides various services to real estate investors, owners, and lenders, including, *inter alia*, investment services, asset management services, and real estate-related advisory and consulting services (SAC ¶ 14) – and two of its subsidiaries, Foresite Realty Management, LLC ("Foresite Management") and Foresite Realty OH, LLC ("Foresite OH") (*id.* ¶¶ 16, 17). Foresite Partners and Foresite Management are incorporated in Illinois, and Foresite OH is incorporated in Ohio. (Doc. No. 4.)

This action involves five contracts: (1) a July 2014 contract between CityR Holdings and Foresite Partners to conduct due diligence of a property in Columbus, Ohio (the "Due Diligence Agreement") (SAC ¶ 28); (2) a September 25, 2014 contract between CityR Lexington Park and Foresite OH to provide property management services for a property in Columbus, Ohio (the "Lexington Park Management Agreement") (*id.* ¶ 29); (3) a January 23, 2014 contract between CityR Chestnut Ridge and Foresite Management to provide property management services for a property in Louisville, Kentucky (the "Chestnut Ridge Management Agreement") (*id.* ¶ 32); (4) a January 5, 2015 contact between CityR Eagle Landing and Foresite Management to provide property management services for a property in Montgomery, Alabama (the "Eagle Landing

---

[2] CityR Holdings sold CityR Chestnut Ridge on May 1, 2017, and CityR Chestnut Ridge is not a plaintiff in this action. (SAC ¶ 12.)

2

Management Agreement") (*id.* ¶ 30); and (5) a January 5, 2015 contract between CityR Park Place and Foresite Management to provide property management services for another property also located in Montgomery, Alabama (the "Park Place Management Agreement," and together with the Lexington Park Management Agreement, the Chestnut Ridge Management Agreement, and the Eagle Landing Management Agreement, the "Management Agreements") (*id.* ¶ 31).

Plaintiffs allege that Defendants breached all five contracts and contend that Foresite Partners – despite not being a signatory to the Management Agreements – is liable for the breaches committed by Foresite Management and Foresite OH on those contracts. (*Id.* ¶¶ 18–24.)

### B. Procedural History

Plaintiffs filed their initial complaint in the New York State Supreme Court, New York County, on September 12, 2017, alleging multiple violations of Defendants' contractual and fiduciary duties. (Doc. No. 1, Ex. 1.) Defendants subsequently removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. No. 1.) Plaintiffs soon thereafter filed an amended complaint against all Defendants, asserting claims for breach of contract, breach of fiduciary duty, conversion, accounting, negligence, and professional malpractice. (Doc. No. 13.) On January 31, 2018, Plaintiffs filed a second amended complaint (the "SAC"), which alleges a single breach of contract claim – that nonetheless purports to encompass each of the five contracts referenced above – against the various Defendants. (SAC ¶¶ 87–93.) On March 12, 2018, Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 31.) The motion was fully briefed on June 4, 2018. (Doc. No. 44.)

### II. LEGAL STANDARD

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw*

*Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

### III. DISCUSSION

Although Defendants style their motion as one for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), such a motion is not permitted until "the pleadings are closed." Fed. R. Civ. P. 12(c). Federal Rule of Civil Procedure 7(a) provides that an answer is a pleading, and so the pleadings are "closed" when a complaint and answer are filed. Fed. R. Civ. P. 7(a); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2004) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer.") Here, none of the Defendants has filed an answer to the SAC, so it would appear that Defendants' motion is premature. Nevertheless, while this misstep could be grounds for

4

denying the motion as premature – *see Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("Doe's motion for judgment on the pleadings was filed before the government filed an answer" and therefore "was premature and should have been denied."); *Niederland v. Chase*, No. 11-cv-6538 (RWS), 2012 WL 2402603, at *5 (S.D.N.Y. June 26, 2012) ("Because 'the pleadings are not closed in this case,' Chase's motion for judgment on the pleadings is denied as premature." (quoting *State Farm Fire & Cas. Co. v. Spradling Home Inspections, LLC*, No. 10-cv-1887, 2011 WL 4056042, at *2 (E.D. Mo. Sept. 13, 2011))) – the Court construes Defendants' motion as a Rule 12(b)(6) motion to dismiss, and evaluates it under those standards, *see Int'l Bus. Machines Corp. v. Jennifer-Ashley Co.*, 872 F. Supp. 1256, 1257 (S.D.N.Y. 1995) ("[Plaintiff's] Rule 12(c) motion is treated as embracing a [Rule 12(b)(6)] motion to dismiss."); *see also Andro v. Union Carbide Corp.*, No. 13-cv-5249 (RBK) (KMW), 2014 WL 1371713, at *1 (D.N.J. Apr. 8, 2014) (treating Rule 12(c) motion as a Rule 12(b)(6) motion); *Skinner v. Mountain Lion Acquisitions, Inc.*, No. 13-CV-00704 NC, 2014 WL 3853424, at *1 (N.D. Cal. Aug. 1, 2014) (same).

Defendants' motion to dismiss is narrow and seeks only (1) dismissal of all claims against Defendant Foresite Partners under the Management Agreements, and (2) dismissal of all claims brought by Plaintiff CityR Holdings under the Management Agreements. (Mem. 1.) Defendants do not seek dismissal of the breach of contract claims brought by Plaintiffs CityR Lexington Park, CityR Eagle Landing, and CityR Park Place against Defendants Foresite Management and Foresite OH. (Mem. 14.) Nor do they seek dismissal of the claim against Foresite Partners for breach of the Due Diligence Agreement. (Opp'n at 5.)

1. Foresite Partners

Defendants contend that Foresite Partners should be dismissed from this case with respect to the Management Agreements because Plaintiffs have not adequately alleged that Foresite

5

Partners – which is not a signatory to any of the Management Agreements – is liable for the contractual obligations of its subsidiaries, Foresite Management and Foresite OH. Defendants attach the Management Agreements to their motion, which the Court may consider because they are "incorporated by reference" in the operative complaint (SAC ¶ 26), *see ATSI Commc'ns, Inc.*, 493 F.3d at 98, and, in any event, are contracts "upon which [the SAC] solely relies and which is integral to the [SAC]," *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The Management Agreements provide – and the parties agree – that New York law applies. (*See* SAC ¶ 26; Mem. 4 n.1.) Under New York law, a party who is not a signatory to a contract generally cannot be held liable for breaches of that contract. *TransformaCon, Inc. v. Vista Equity Partners, Inc.*, 15-cv-3371 (SAS), 2015 WL 4461769, at *3 (S.D.N.Y. July 21, 2015) (internal citations omitted). However, as an exception to this general rule, New York courts also recognize that

> a parent company can be held liable as a party to its subsidiary's contract if the parent's conduct manifests an intent to be bound by the contract, which intent is inferable from the parent's participation in the negotiation of the contract, or if the subsidiary is a dummy for the parent, or if the subsidiary is controlled by the parent for the parent's own purposes.

*Id.* (quoting *Horsehead Indus. v. Metallgesellschaft AG,* 239 A.D.2d 171, 172 (App. Div. 1st Dep't 1997)). In addition, a non-signatory "may be found liable for breach of contract without being an alter ego if its actions demonstrate privity of contract or that it assumed obligations under the contract." *Id.*

In support of their claim that Foresite Partners should be held liable for its subsidiaries' alleged breaches of the Management Agreements, Plaintiffs argue that Defendants share common ownership and operations, that Foresite Management and Foresite OH are financially dependent on Foresite Partners, and that Foresite Management and Foresite OH exist exclusively to serve

6

Foresite Partners. (SAC ¶¶ 19–20.) Plaintiffs further assert that Foresite Partners is explicitly identified as the "Manager" of Foresite Management and Foresite OH just above the signature line in each of the Management Agreements. (Opp'n at 14.)

As to the latter argument, the signature blocks contained in the Management Agreements all include the name of the Foresite subsidiary, followed by a signature line, identifying "Foresite Realty Partners, L.L.C." as "It's [sic] Manager." (Doc. No. 32, Exs. N, O, P, Q.) For example, the signature line in the Lexington Park Management Agreement provides:

Foresite Realty OH, LLC
by: Foresite Realty Partners, L.L.C.
It's Manager
By ___[signature]_____

(Doc. No. 32, Ex. N.) The signature blocks in the other three Management Agreements all mirror this one. (Doc. No. 32, Exs. O, P, Q.) At this preliminary stage, the structure of the signature blocks supports a plausible inference that Foresite Partners – which was otherwise an unnecessary party to these contracts between two distinct legal entities – "inten[ded] to be bound by [the] contract[s]." *TransformaCon*, 2015 WL 4461769, at *3. Accordingly, Defendants' motion to dismiss Foresite Partners is DENIED. Foresite Partners shall remain a defendant to this suit as to all five alleged contractual breaches at least until there has been discovery on this issue.

### B. CityR Holdings

Defendants also move to dismiss CityR Holdings as a plaintiff, arguing that CityR Holdings, which is not a signatory to any of the Management Agreements, is also not a third-party beneficiary of the Management Agreements. (Mem. 1.)

Parties asserting third-party beneficiary rights under a contract must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental,

7

to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost." *Mendel v. Henry Phipps Plaza W., Inc.*, 6 N.Y.3d 783, 786 (2006) (quoting *Burns Jackson Miller Summit & Spitzer v. Lindner*, 451 N.E.2d 459 (N.Y. 1983)). Furthermore, New York courts have held that the parties' intention "to benefit the third party must appear from the four corners of the instrument." *Debary v. Harrah's Operating Co.*, 465 F. Supp. 2d 250, 263 (S.D.N.Y. 2006) (internal citations omitted).

The Management Agreements evince no intent to benefit CityR Holdings. To the contrary, CityR Holdings' affiliated companies clearly and unambiguously signed the contracts at issue on behalf of themselves – and not on behalf of, or in accord with, CityR Holdings. (Doc. No. 32, Exs. N, O, P, Q.) Plaintiffs point to no provision in any of the Management Agreements that purports to grant CityR Holdings third-party rights. Indeed, the Management Agreements direct that notices should be sent to the signatories – not to CityR Holdings – and contain merger provisions that state "[t]his Agreement constitutes the parties' sole agreement and supersedes any prior understandings or written or oral agreements between them relating to its subject matter." (*See* Doc. No. 32, Ex. N ¶¶ 20.1, 20.6; Ex. O ¶¶ 20.1, 20.6; Ex. P ¶¶ 20.1, 20.6; Ex. Q ¶¶ 20.1, 20.6.) In similar situations, "New York courts have uniformly rejected claims of third-party beneficiary status." *Fashion One Television LLC v. Fashion TV Programmgesellschaft MbH*, No. 16-cv-5328 (JMF), 2017 WL 3610513, at *1 (S.D.N.Y. Aug. 22, 2017) (rejecting third-party beneficiary status where contract directed that notice be sent to the signatory and contained a merger clause). Moreover, in order for a contract to confer enforceable third-party beneficiary rights, "it must appear 'that no one other than the third party can recover if the promisor breaches the contract.'" *Debary*, 465 F. Supp. 2d at 263 (quoting *Artwear, Inc. v. Hughes*, 202 A.D.2d 76, 82 (App. Div. 1st Dep't 1994)). Here,

the SAC contains no suggestion that the *signatories* to the Management Agreements – all but one of whom are Plaintiffs in this action – are unable to enforce the Management Agreements.

Instead, Plaintiffs argue that "the management agreements at issue here do not contain any clauses that would *preclude* a third-party beneficiary status to CityR Holdings." (Opp'n at 3 (emphasis added).) Plaintiffs' suggestion, however, turns the test entirely on its head, asking the Court to find that they have adequately pleaded the existence of third-party enforcement rights flowing to CityR Holdings merely because no clause "precludes" CityR Holdings from being a third-party beneficiary. As noted above, New York law requires more. To hold otherwise would open the door to third-party enforcement of virtually any contract merely because the agreement was silent on the subject. That is not the law in New York.

Having failed to plead that any aspect of the Management Agreements gives CityR Holdings the right to enforce those contracts, CityR Holdings may not proceed as a Plaintiff on any claims relating to breaches of the Management Agreements. Instead, CityR Holdings may pursue recovery only for claims alleging a breach of the Due Diligence Agreement, to which it is alleged to be a named party and signatory.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Foresite Partners remains a defendant in this suit in all respects. CityR Holdings may not enforce any of the alleged breaches of the Management Agreements, but it remains a plaintiff with respect to Foresite Partners' alleged breach of the Due Diligence Agreement.

The Clerk of the Court is respectfully requested to terminate the motion pending at Doc. No. 31. The parties shall adhere to all deadlines in the case management plan and scheduling order

9

(Doc. No. 27), as amended by this Court's March 6, 2019 Order (Doc. No. 50).

SO ORDERED.

Dated:   March 29, 2019
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation